UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAGHVENDRA SINGH, | No. 2:23-cv-00053 KJM AC PS |
| Plaintiff, | |
| v. | <u>ORDER</u> |
| INTERNAL REVENUE SERVICES, | |
| Defendant. | |

Plaintiff is proceeding pro se, and this action accordingly was referred to the undersigned by Local Rule 302(c)(21). Plaintiff was granted leave to proceed in forma pauperis, and his initial complaint was found unsuitable for service. ECF No. 3. Plaintiff was granted leave to file a First Amended Complaint. Now before the court is plaintiff's First Amended Complaint ("FAC"). The FAC is also unsuitable for service. The undersigned will grant plaintiff a final opportunity to submit an amended complaint that states a claim for relief.

**I. Screening Standard**

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining whether or not the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").

1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Bell Atlantic Corp., 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000)).

## II. The Initial Complaint and the First Amended Complaint

Plaintiff's initial complaint (ECF No. 1) alleged that defendant "caused loss of multimillion dollars' worth" of his property by denying him the right to pay taxes. ECF No. 1 at 1. Plaintiff alleged that his properties were protected by IRS liens, but that the IRS conspired

with state officials to allow the state to take his property by lowering the priority of IRS liens without informing plaintiff.  Id.  Plaintiff alleged all of this was done during his incarceration between 2019 and 2022.  Id.  Plaintiff further alleged that the Sacramento District Attorney is prosecuting minorities for non-criminal, fabricated charges.  Id. at 2.  The body of plaintiff's complaint did not specify a cause of action, but on the civil cover sheet plaintiff marked "other civil rights" and "taxes" when asked to identify the nature of the suit.  ECF No. 1-1 at 1.

On April 25, 2023, the undersigned issued an order finding the complaint unsuitable for service, noting the complaint does not contain a "short and plain" statement setting forth the basis for federal jurisdiction, plaintiff's entitlement to relief, or the relief that is sought, even though those things are required by Fed. R. Civ. P. 8(a)(1)-(3).  ECF No. 3 at 3.  The court also found that the complaint did not identify a claim upon which relief can be granted because it did not name a cause of action or allege facts supporting an identifiable cause of action.  Id.  Rather than recommending dismissal of the action, the undersigned provided plaintiff an opportunity to amend his complaint to allege a cognizable cause of action.  Id.

Plaintiff filed a First Amended Complaint on May 16, 2023.  ECF No. 4.  The FAC is identical to the original complaint except for one paragraph purporting to identify the legal harm in response to the court's order.  ECF No. 4 at 1.  This addition states, in relevant part, "Singh has Right to pay Taxes and Right to have properties.  These Rights were violated by lowering the priority of IRS's LEINS and by taking Singh's properties without even informing Singh, so his right to due process.  Right to have a Fair Trial and Right to keep properties were also denied.  I will file amended complaint later on."  Id. at 1.

### III.  Failure to State a Claim

The two-page FAC, like its predecessor, fails to specify a cognizable cause of action.  The IRS and David Palmer are named as defendants, but plaintiff does not clearly identify what the IRS did that gives him a right to sue.  The only allegation about conduct of the IRS is that it "conspired with state officials to allow the state to take his property by lowering the priority of IRS liens without informing plaintiff."  Id.  There are no factual allegations describing a conspiracy, only a conclusory assertion.  There are no factual allegations whatsoever regarding

3

David Palmer. Accordingly, no claim is stated against either defendant.

Plaintiff appears to allege that while he was incarcerated following a wrongful criminal conviction, the prosecutor and trial judge from his criminal case illegally evaded IRS liens to have plaintiff's property taken. If this is the grievance underlying plaintiff's complaint, his alleged injury was caused by the judge and prosecutor rather than the IRS. The FAC's emphasis on the wrongdoing of the DA, id. at 2, indicates that this is the case. Judges and prosecutors, however, are immune from civil liability for case-related conduct. See Stump v. Sparkman, 435 U.S. 349, 356-7 (1978) (judges entitled to absolute immunity for acts within scope of judicial duties); Imbler v. Pachtman, 424 U.S. 409, 430 (1976) (prosecutors entitled to absolute immunity when functioning as an advocate). Prosecutorial immunity applies in the context of civil forfeiture proceedings. Torres v. Goddard, 793 F.3d 1046, 1052 (9th Cir. 2015). Plaintiff is informed that he cannot base a civil claim for damages on the wrongdoing of the judge or DA in the context of his criminal case, any post-trial criminal or civil property forfeiture proceedings, or any other legal process involving plaintiff's property.

To the extent the FAC's invocation of "fair trial rights" refers to plaintiff's criminal trial, a civil rights claim implicating the validity of a criminal conviction cannot proceed unless and until plaintiff has his conviction reversed. See Heck v. Humphrey, 512 U.S. 477, 487 (1994). Accordingly, plaintiff cannot seek redress for an unfair criminal trial (or related proceeding) unless he can demonstrate that the conviction has already been overturned on appeal or in habeas corpus.

To the extent plaintiff alleges his property was taken without due process, he must identify the property at issue and specify how (by what legal or extra-legal mechanism) it was taken. This court cannot tell whether or not there might have been a due process violation without facts regarding the nature of the seizure. A due process claim under 42 U.S.C. § 1983 has three elements: (1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; (3) lack of process. Portman v. County of Santa Clara, 995 F.2d 898, 904 (9th Cir. 1993). To state a claim for relief, a complaint must set forth specific facts to support each of these elements. The FAC does not do so.

### IV. Pro Se Plaintiff's Summary

Your First Amended Complaint cannot be served because, although you have identified the rights you believe were violated, you have not stated facts to support your claims. A complaint must clearly state what each defendant did to violate your rights. It is not enough to say that the IRS "conspired with" state officials; you must explain exactly what the IRS did to deprive you of your property without due process. The IRS is not responsible for the actions of your criminal trial judge and prosecutor, and you cannot sue those individuals because they are immune. Also, you name David Palmer as a defendant but do not mention anything he did to violate your rights.

If your lawsuit is about a forfeiture related to your criminal case, you need to say so. If your property was taken another way, you need to explain what happened. In any case, to state a claim for a violation of your right to due process, you must explain what property you are talking about, when and how it was taken, by whom, and what process was or was not provided. You are being given a final opportunity to amend your complaint. You must file a Second Amended Complaint within 30 days, or your case will be dismissed for failure to prosecute. You should refer to the court's prior order for information on how to amend your complaint. You may attach any paperwork you have regarding the seizure of your property.

### V. Conclusion

For the reasons explained above, the First Amended Complaint (ECF No. 4) is not suitable for service. Plaintiff may file Second Amended Complaint that complies with this order within 30 days.

IT IS SO ORDERED

DATED: June 26, 2023

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE