UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAGHVENDRA SINGH,<br><br>            Plaintiff,<br><br>      v.<br><br>INTERNAL REVENUE SERVICE,<br><br>            Defendant. | No.  2:23-cv-00053 KJM AC PS<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding pro se, and this action accordingly was referred to the undersigned by Local Rule 302(c)(21).  Plaintiff was granted leave to proceed in forma pauperis, and his initial complaint was found unsuitable for service.  ECF No. 3.  Plaintiff filed a First Amended Complaint, which was also found unsuitable for service.  ECF Nos. 4, 5.  Now before the court is plaintiff's Second Amended Complaint.  Because the court finds this complaint also to be unsuitable for service, the undersigned recommends that the complaint be dismissed without further leave to amend.

**I.  Screening Standard**

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  Plaintiff must assist the court in determining whether or not the complaint is frivolous, by drafting

the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Bell Atlantic Corp., 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000)).

**II.   The Complaint, the First Amended Complaint, and the Second Amended Complaint**

Plaintiff's initial complaint (ECF No. 1) alleged that defendant "caused loss of multimillion dollars' worth" of his property by denying him the right to pay taxes. ECF No. 1 at

2

1. Plaintiff alleged that his properties were protected by IRS liens, but that the IRS conspired with state officials to allow the state to take his property by lowering the priority of IRS liens without informing plaintiff.  Id.  Plaintiff alleged all of this was done during his incarceration between 2019 and 2022.  Id.  Plaintiff further alleged that the Sacramento District Attorney is prosecuting minorities for non-criminal, fabricated charges.  Id. at 2.  The body of plaintiff's complaint did not specify a cause of action, but on the civil cover sheet plaintiff marked "other civil rights" and "taxes" when asked to identify the nature of the suit.  ECF No. 1-1 at 1.

On April 25, 2023, the undersigned issued an order finding the complaint unsuitable for service, noting the complaint does not contain a "short and plain" statement setting forth the basis for federal jurisdiction, plaintiff's entitlement to relief, or the relief that is sought, even though those things are required by Fed. R. Civ. P. 8(a)(1)-(3).  ECF No. 3 at 3.  The court also found that the complaint did not state a claim upon which relief can be granted because it did not name a cause of action or allege facts supporting an identifiable cause of action.  Id.  Rather than recommending dismissal of the action, the undersigned provided plaintiff an opportunity to amend his complaint to allege a cognizable cause of action.  Id.

Plaintiff filed a First Amended Complaint on May 16, 2023.  ECF No. 4.  The FAC was identical to the original complaint except for one paragraph purporting to identify the legal harm in response to the court's order.  ECF No. 4 at 1.  This addition stated, in relevant part, "Singh has Right to pay Taxes and Right to have properties.  These Rights were violated by lowering the priority of IRS's LEINS and by taking Singh's properties without even informing Singh, so his right to due process.  Right to have a Fair Trial and Right to keep properties were also denied.  I will file amended complaint later on."  Id. at 1.  The court found the First Amended Complaint also unsuitable for service, explained the deficiencies, and gave plaintiff a final opportunity to file an amended complaint suitable for service.  ECF No. 5.

On July 17, 2023, plaintiff filed a Second Amended Complaint.  ECF No. 6.  The Second Amended Complaint is identical to the First Amended Complaint, except that it omits the most substantive paragraphs contained in the First Amended Complaint.  ECF Nos. 4 and 6.

////

### III. Analysis

#### A. Plaintiff's Second Amended Complaint is Frivolous

The two-page Second Amended Complaint, like its two predecessors, fails to specify a cognizable cause of action. The IRS and David Palmer are named as defendants, but plaintiff does not clearly identify what the IRS did that gives him a right to sue. The only allegation about conduct of the IRS is that it "conspired with state officials to allow them to take Singh's properties by lowering the priority of IRS's liens without informing Singh and without any notice to Singh." ECF No. 6 at 1. As with the first two complaints, there are no factual allegations describing a conspiracy, only this conclusory assertion. There are no factual allegations whatsoever regarding David Palmer. Accordingly, no claim is stated against either defendant.

Having scrutinized the pleadings, it appears to the undersigned that plaintiff is saying that while he was incarcerated following a wrongful criminal conviction, the prosecutor and trial judge from his criminal case illegally evaded IRS liens to have plaintiff's property taken (perhaps via forfeiture). If this is the grievance underlying plaintiff's complaint, his alleged injury was caused by the judge and prosecutor rather than the IRS. Plaintiff's persistent emphasis on the wrongdoing of the DA (see ECF No. 4 at 2; ECF No. 6 at 1) indicates that this is the case. Judges and prosecutors, however, are immune from civil liability for case-related conduct. See Stump v. Sparkman, 435 U.S. 349, 356-7 (1978) (judges entitled to absolute immunity for acts within scope of judicial duties); Imbler v. Pachtman, 424 U.S. 409, 430 (1976) (prosecutors entitled to absolute immunity when functioning as an advocate). Prosecutorial immunity applies in the context of civil forfeiture proceedings. Torres v. Goddard, 793 F.3d 1046, 1052 (9th Cir. 2015). Plaintiff cannot base a civil claim for damages on the wrongdoing of the judge or DA in the context of his criminal case, any post-trial criminal or civil property forfeiture proceedings, or any other legal process involving plaintiff's property.

To the extent plaintiff alleges his property was taken without due process and a "fair trial," plaintiff fails to identify the property at issue and specify how (by what legal or extra-legal mechanism) it was taken. This court cannot tell whether there might have been a due process violation without facts regarding the nature of the seizure. A due process claim under 42 U.S.C. §

1983 has three elements: (1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; (3) lack of process. Portman v. County of Santa Clara, 995 F.2d 898, 904 (9th Cir. 1993). To state a claim for relief, a complaint must set forth specific facts to support each of these elements. The Second Amended Complaint does not do so, even though plaintiff has been informed of this requirement and has twice been given an opportunity to cure the deficiencies of the complaint.

      B.  Further Leave to Amend Would Be Futile

For the reasons explained above, the SAC is subject to summary dismissal under 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief may be granted. Ordinarily, pro se plaintiffs are given the opportunity to amend a deficient complaint. Noll, 809 F.2d at 144. In this case, plaintiff has twice had the opportunity to amend. Despite being given guidance from the court regarding elements of claims and presentation of facts, plaintiff submitted a Second Amended Complaint that fails to cure several fundamental deficiencies of the original and First Amended Complaint. On both the First and Second Amended Complaints, plaintiff wrote "I will File Amended Complaint Later On." ECF Nos. 4 at 1; 6 at 1. The court has given plaintiff ample opportunity amend and has provided clear instruction; it is evident from plaintiff's First and Second Amended Complaints that he will not be able to draft a complaint suitable for service. Considering the circumstances of this case, it is clear to the undersigned that further leave to amend would be futile. Accordingly, the undersigned recommends dismissal without further leave to amend.

### IV. Pro Se Plaintiff's Summary

It is being recommended that your case be dismissed. Your Second Amended Complaint did not fix the problems of your original complaint and your First Amended Complaint. You can object to this recommendation within 21 days.

### V. Conclusion

For the reasons explained above, the undersigned recommends that the Second Amended Complaint (ECF No. 6) be DISMISSED with prejudice.

////

5

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: August 2, 2023

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE